```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  __4/21/2020__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALEXIO GOBERN,                                             :
                                                          :
                              Petitioner,                 :
                                                          :          18-CV-12411 (VSB)
              -against-                                    :
                                                          :          ORDER
UNITED STATES OF AMERICA,                                 :
                                                          :
                              Respondent.                 :
-------------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

On March 2, 2020, Petitioner submitted an application for appointment of counsel.  In

determining whether to grant an application for counsel, the Court must consider "the merits of

plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the

availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if

unassisted by counsel."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per

curiam).  As a threshold matter, in order to qualify for appointment of counsel, Petitioner must

demonstrate that his claim has substance or a likelihood of success.  *See Hodge v. Police

Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986).  In reviewing a request for appointment of counsel,

the Court must be cognizant of the fact that volunteer attorney time is a precious commodity and,

thus, should not grant appointment of counsel indiscriminately.  *Cooper*, 877 F.2d at 172.

Petitioner's motion to vacate, set aside, or correct his sentence is fully submitted, and

awaiting my decision.  Until a decision is rendered on the initial motion, I cannot determine

whether Petitioner's claim has substance or a likelihood of success.

I am also in receipt of correspondence from Petitioner dated April 13, 2020, requesting a

status update.  (Doc. 14.)  This Order serves as the status update requested by Petitioner.

Accordingly, it is hereby

ORDERED that Petitioner's application for the appointment of counsel is Denied without prejudice for renewal at such time as the existence of a potentially meritorious claim may be demonstrated.

SO ORDERED.

Dated: April 21, 2020
New York, New York

Vernon S. Broderick
United States District Judge